**XIU RU JIANG, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–3448–ag.

United States Court of Appeals, Second Circuit.

April 10, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Michael Brown, New York, New York, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Stephen M. Elliott, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, SONIA SOTOMAYOR, REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Xiu Ru Jiang, Xu Chen, and Jian Chen, natives and citizens of the People's Republic of China, seek review of a June 28, 2005 order of the BIA affirming the June 30, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ru Jiang*, No. A 74 333 625 (B.I.A. June 28, 2005), *aff'g* Nos. A 74 333 625, A 74 333 626, A 74 333 627 (Immig. Ct. N.Y. City, June 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Here, the IJ stated at the outset of his decision that he was "incorporating by reference" his initial decision. In the earlier decision, the IJ found that, even assuming that Jiang had been sterilized and had undergone an abortion, she had not established that those procedures were "forcibly done," pointing to several discrepancies in her testimony. The IJ emphasized that Jiang had not produced her husband as a witness to corroborate her claims. In 2002, the BIA declined to adopt the IJ's adverse credibility finding—instead finding that Jiang failed to meet her burden of proof—and that decision was never vacated. As such, we construe the IJ's intent to "incorporate by reference" his initial decision, as finding that the deficiencies in Jiang's testimony warranted corroboration from her husband, Yang–Shun Chen, in order for her to establish that her sterilization and abortion were forced so as to render her eligible for relief under 8 U.S.C. § 1101(a)(42). On remand, the IJ expressed "doubts" about Chen's testimony due to "a number of major discrepancies," although he did not explicitly find that Chen lacked credibility. Thus, we review only the IJ's determination that, based on her husband's testimony, Jiang failed to meet her burden of demonstrating that she suffered a forced abortion or sterilization. *See Twum,* 411 F.3d at 59.

This Court reviews the agency's factual findings under the substantial evidence

standard, and treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, the Government's assertion that Jiang waived any challenge to the IJ's finding that she did not meet her burden of proof is unavailing. The Government correctly notes that, in her brief to this Court, Jiang has challenged the IJ's decision as though it was based on an adverse credibility finding. In doing so, Jiang nevertheless addressed each of the findings upon which the IJ's decision was based, albeit in terms of credibility. As such, we construe her arguments on appeal as having meaningfully challenged the IJ's burden of proof finding.

We conclude that the record supports the IJ's finding that Jiang failed to meet her burden of proof. Even assuming that Jiang credibly established that she underwent sterilization and an abortion, the IJ reasonably found that she failed to demonstrate that those procedures were "forcibly done."

On remand, Jiang offered the testimony of her husband Chen to corroborate her claims. The IJ accurately noted, however, that Chen's testimony raised more questions than it answered. Chen had testified in his own 1992 asylum application hearing that Jiang was sterilized in 1984, but testified at the hearing on remand that she was sterilized in 1986. The IJ appropriately declined to credit Chen's explanation that he "made a mistake" at his earlier hearing, when he specifically clarified at that time that the sterilization occurred shortly after the birth of his second child in 1984. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

Similarly, the IJ correctly observed that Chen omitted from his testimony at his 1992 hearing any mention of Jiang's abortion. The IJ reasonably rejected Chen's explanations for the omission, when he testified variously that he thought "abortion and sterilization [were] the same," he "didn't remember," and "they didn't ask" whether an abortion had occurred. *See id.* Likewise, the IJ accurately identified an inconsistency between Chen's testimony that he saw Jiang in China in October 1989, and Jiang's testimony that, following the forcible sterilization, she did not see Chen again until her arrival in the United States. The IJ was not obliged to accept Chen's explanation for this discrepancy—that Jiang made a mistake because something happened to her brain after she was sterilized. *See id.*

In light of the discrepancies and omissions identified, the IJ appropriately declined to give weight to Chen's testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006). Thus, the IJ reasonably concluded that Jiang failed to meet her burden of establishing that her sterilization and abortion were forced. *See* 8 U.S.C. § 1101(a)(42). As such, the IJ's denial of asylum was proper.

Because Jiang was unable to show the objective likelihood of persecution needed

to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.